IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD DAVILA, JR., | § | |
| | § | |
| v. | § | C.A. NO. C-12-283 |
| | § | |
| ERICKSON & JENSEN SEAFOOD | § | |
| PACKERS, ET AL. | § | |

## **OPINION DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Proceeding pro se, Arnold Davila, Jr., plaintiff, has filed an action alleging claims pursuant to general maritime law and the Jones Act. Pending is plaintiff's motion for the appointment of counsel. (D.E. 9).

No constitutional right to appointment of counsel exists in civil rights cases. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's civil

rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

At a September 5, 2012 hearing, plaintiff was informed that he had the right to retain an attorney to represent him, that if he prevailed he would likely be entitled to recover attorney fees, and he was provided contact information for both the Corpus Christi Bar Association and Texas Rio Grande Legal Aid regarding locating an attorney. In the pending motion, he indicates that he has contacted some attorneys about representing him. However, it is unclear whether any of these attorneys litigate the admiralty and Jones Act claims that plaintiff raises in this action.

For the foregoing reasons, plaintiff's motion for the appointment of counsel, (D.E. 9), is DENIED without prejudice.

ORDERED this 18th day of December 2012.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE