IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD DAVILA, JR., | § | |
| | § | |
| v. | § | C.A. NO. C-12-283 |
| | § | |
| ERICKSON & JENSEN SEAFOOD | § | |
| PACKERS, ET AL. | § | |

## OPINION REGARDING THE SERVICE OF PROCESS OF DECEASED DEFENDANTS

Arnold Davila, Jr., plaintiff, has filed a *pro se* action alleging claims pursuant to general maritime law and the Jones Act.

On September 11, 2012, a memorandum and recommendation was issued recommending that some claims and defendants be dismissed and that the action be retained.  (D.E. 2).  On October 1, 2012, the Court adopted this recommendation.  (D.E. 5).  On January 9, 2013, an order for service of process was issued requiring that the United States Marshal personally serve the complaint on five defendants: 1) Erickson & Jensen Seafood Packers, LLP; 2) Jody Ellerbee; 3) Carl Conklin Erickson; 4) Grant C. Erickson; and 5) Hubert E. Jensen at Erickson & Jensen Seafood Packers, LLP, 1100 Shrimpboat Lane, Fort Myers Beach, Florida 33931.  (D.E. 15).

Service was effected on Erickson & Jensen Seafood Packers and Grant Erickson, who have filed an answer.  (D.E. 21).  Service was returned on Jody Ellerbee, but he has not yet filed an answer.  (D.E. 17).  Service was returned unexecuted on both Carl Erickson and Hubert Jensen because they are deceased.  (D.E. 16, 18).

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, if a party dies and the claim is not extinguished by death, the court may order service on a substitute party only by motion of a party, in this case the Plaintiff, if that motion is made within ninety days after service of a statement noting death (also referred to as a "suggestion of death").  The Advisory Committee

Note to the 1963 amendment of Rule 25(a)(1) provides in part that "[a] motion to substitute may be made by any party or by the representative of the deceased party *without awaiting the suggestion of death*. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desire to limit the time within which another may make the motion, he may do so by suggesting the death upon the record." (emphasis added). Accordingly, the ninety-day time limit only begins to run if and when a party files a notice or suggestion of death. See Ray v. Koester, 85 F. App'x 983, 984-85 (5th Cir. 2004) (per curiam) (unpublished).

The Fifth Circuit has determined that substitution is only permitted if the defendant was made a party before his death. In other words, if the defendant predeceased filing of the action, then substitution is prohibited. Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam); see also Flick v. Vadlamudi, No. 1:09-cv-647; 2010 WL 3061096 at *1 (W.D. Mich. July 16, 2010) (unpublished). However, if a defendant dies *after* an action is filed but *before* service of process, substitution is available but process must be served on the substitute party to acquire in personam jurisdiction. 7C Wright, et al., Fed. Prac. & Proc. Civ. § 1951 (3d ed. 2012) (citing Ransom v. Brennan, 437 F.2d 513, 518 (5th Cir. 1971)). It is unclear when either Carl Erickson and Hubert Jensen died to determine whether substitution is viable.

Plaintiffs have 120 days from the filing of the complaint to serve defendants or their claims against those defendants may be dismissed without prejudice. Fed. R. Civ. P. 4(m). The period of time to serve may be extended if the plaintiff establishes good cause. Id.; People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524-25 (5th Cir. 2011) (per curiam) (unpublished).

If plaintiff intends to proceed against either Carl Erickson or Hubert Jensen, he must

demonstrate the date of their deaths as well as good cause for the Court to exercise its discretion to extend the 120-day limit within 30 days of this Order. Failure to respond timely may result in his claims against Carl Erickson and Hubert Jensen being dismissed.

ORDERED this 26th day of February 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE