IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD DAVILA, JR., | § | |
| | § | |
| v. | § | C.A. NO. C-12-283 |
| | § | |
| ERICKSON & JENSEN SEAFOOD | § | |
| PACKERS, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS THE DECEASED DEFENDANTS**

Arnold Davila, Jr., plaintiff, has filed a *pro se* action alleging claims pursuant to general maritime law and the Jones Act.

**FACTUAL ALLEGATIONS**

Plaintiff formerly worked as a rigman on the shrimping vessel known as the "Double E." Since September 7, 2009, he has been unable to work as the result of injuries sustained while working on the boat on or around August 27, 2009.  (D.E. 1-2).  He filed this action on August 13, 2012, alleging that defendants are liable for his injuries.  He named the following as defendants: (1) Erickson & Jensen Seafood Packers; (2) Jody Ellerbee; (3) Carl C. Erickson; (4) Grant C. Erickson; (5) Hubert E. Jensen; (6) Frank Bradshaw; and (7) the vessel known as "Double E."  Id.

A hearing was held on September 5, 2012.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

In August 2009, plaintiff was working as a crew member on a commercial shrimping vessel known as the Double E.  He believes it is owned jointly by defendants Erickson & Jensen Seafood Packers, Jody Ellerbee, Carl C. Erickson, Grant C. Erickson, and Hubert E. Jensen. Defendant Jody Ellerbee was the captain of the vessel during the shrimping expedition, which

lasted a total of 30 days.  About 21 days into the trip, on or around August 27, 2009, the Double E was passing through waters off of Freeport, Texas.  At around 3:30 a.m., during the late night shift, Captain Ellerbee instructed plaintiff and other crew members to help remove a large piece of debris that had been caught in the sixty-five-foot net.  Meanwhile, Captain Ellerbee–who plaintiff contends was taking pain medication at the time–was operating the winch by himself. He put his foot on the rope running through the winch, which created pressure on the rope and caused the hook securing the nets to break.  As a result, the nets came crashing down, striking plaintiff in the head.  Plaintiff was knocked unconscious from the blow and sustained serious injuries to his head.  Nevertheless, Captain Ellerbee did not call the Coast Guard nor did he provide any medical treatment.  Plaintiff was not treated for his injuries until the vessel returned to the mainland at the end of the trip.

On September 9, 2007, plaintiff went to the emergency room where he had x-rays and an MRI taken.  Captain Ellerbee and Grant C. Erickson, a part owner of the Double E, were both called to the hospital.  When they arrived they started screaming at plaintiff, demanding to speak to his doctors and complaining about how expensive plaintiff's treatment was going to be.  They were so disruptive that hospital personnel called the police.  Ultimately, doctors told plaintiff that he had sustained serious injuries to his brain and that he had herniated discs in his neck and back.  He was informed that he could not continue working on shrimp boats and that he needed surgery.

Defendants refused to pay for plaintiff's medical treatment, and he has relied on Medicaid to cover his medical costs since the accident.  Plaintiff has been unable to work because of his injuries and currently receives social security payments for disability.  He further

alleges that subsequent to his diagnosis, Grant Erickson offered to pay money to two individuals if they assaulted plaintiff. He claims that Grant Erickson also hired defendant Frank Bradshaw to testify falsely regarding plaintiff's medical condition in a deposition taken for a previous state court action filed in San Patricio County, which was dismissed without prejudice for want of prosecution.

Plaintiff seeks recovery of past, present, and future maintenance and cure. Specifically, he hopes to recover the cost of the surgery that he needs in order to be able to return to work, as well as the accumulated costs of transportation to and from his doctors appointments, which he estimates is roughly $3,000. He also seeks damages for pain and suffering, mental anguish, emotional duress, and any attorneys' fees associated with this action.

## PROCEDURAL BACKGROUND

On September 11, 2012, a memorandum and recommendation was issued recommending that some claims and defendants be dismissed and that the action be retained. See generally Davila v. Erikson & Jensen Seafood Packers, No. Misc. C-12-357, 2012 WL 4514666 (S.D. Tex. Sept. 11, 2012) (unpublished). On October 1, 2012, the Court adopted this recommendation. (D.E. 5). On January 9, 2013, an order for service of process was issued requiring that the United States Marshal personally serve the complaint on five defendants: 1) Erickson & Jensen Seafood Packers, LLP; 2) Jody Ellerbee; 3) Carl Conklin Erickson; 4) Grant C. Erickson; and 5) Hubert E. Jensen at Erickson & Jensen Seafood Packers, LLP, 1100 Shrimpboat Lane, Fort Myers Beach, Florida 33931. (D.E. 15).

Service was effected on Erickson & Jensen Seafood Packers and Grant Erickson, who have filed an answer. (D.E. 21). Service was returned on Jody Ellerbee, but he has not yet filed

3

an answer.  (D.E. 17).  Service was returned unexecuted on both Carl Erickson and Hubert

Jensen because they are deceased.  (D.E. 16, 18).  On February 26, 2013, plaintiff was ordered to

"demonstrate the date of their deaths as well as good cause for the Court to exercise its discretion

to extend the 120-day limit within 30 days."   Davila v. Erikson & Jensen Seafood Packers, No.

C-12-283, 2013 WL 1222399 (S.D. Tex. Feb. 26, 2013) (unpublished).  To date, plaintiff has not

filed any response regarding these two defendants.

## DISCUSSION

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, if a party dies and the claim

is not extinguished by death, the court may order service on a substitute party only by motion of

a party, in this case the Plaintiff, if that motion is made within ninety days after service of a

statement noting death (also referred to as a "suggestion of death").  The Advisory Committee

Note to the 1963 amendment of Rule 25(a)(1) provides in part that "[a] motion to substitute may

be made by any party or by the representative of the deceased party *without awaiting the*

*suggestion of death*.  Indeed, the motion will usually be so made.  If a party or the representative

of the deceased party desires to limit the time within which another may make the motion, he

may do so by suggesting the death upon the record."  (emphasis added).  Accordingly, the

ninety-day time limit only begins to run if and when a party files a notice or suggestion of death.

See Ray v. Koester, 85 F. App'x 983, 984-85 (5th Cir. 2004) (per curiam) (unpublished).

The Fifth Circuit has determined that substitution is only permitted if the defendant was

made a party before his death.  In other words, if the defendant predeceased filing of the action,

then substitution is prohibited.  Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969) (per

curiam); see also Flick v. Vadlamudi, No. 1:09-cv-647; 2010 WL 3061096 at *1 (W.D. Mich.

4

July 16, 2010) (unpublished).  However, if a defendant dies *after* an action is filed but *before* service of process, substitution is available but process must be served on the substitute party to acquire in personam jurisdiction.  7C Wright, et al., Fed. Prac. & Proc. Civ. § 1951 (3d ed. 2012) (citing Ransom v. Brennan, 437 F.2d 513, 518 (5th Cir. 1971)).  It is unclear when either Carl Erickson and Hubert Jensen died to determine whether substitution is viable.  Here, plaintiff has failed to provide any evidence of when either defendant died.

Plaintiffs have 120 days from the filing of the complaint to serve defendants or their claims against those defendants may be dismissed without prejudice.  Fed. R. Civ. P. 4(m).  The period of time to serve may be extended if the plaintiff establishes good cause.  Id.; People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524-25 (5th Cir. 2011) (per curiam) (unpublished).  Here, the time to serve defendants is in excess of the 120 days.  Moreover, plaintiff has failed to demonstrate that there is good cause to extend this time period.

## RECOMMENDATION

Accordingly, it is respectfully recommended that plaintiff's claims against defendants Carl Erickson and Hubert Jensen be dismissed.

ORDERED this 2nd day of May 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).